IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D.S. PHILLIPS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF PITTSBURGH, | ) |
| U.S. DEPARTMENT OF HOUSING | ) Civil Action No. 22-400 |
| AND URBAN DEVELOPMENT, | ) |
| COMMONWEALTH OF PENNSYLVANIA, | ) |
| *and* RICHARD JAMES, City of Pittsburgh | ) |
| Police Officer, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently before the Court is *pro se* Plaintiff Joseph D.S. Phillips Jr.'s Motion to Proceed In Forma Pauperis filed on March 4, 2022, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion.[1] (Docket No. 1-1). After reviewing Plaintiff's IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court

---

[1] Plaintiff contemporaneously filed with the IFP Motion the following: Motion for Modifications to Rules; Motion for Midland Credit Management to be Added; Motion for Asylum; Motion for Return of Property; and Motion for Reparations. (Docket Nos. 3-7).

applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Plaintiff's Complaint, which is filed on the form document entitled "Complaint for Violation of Civil Rights (Non-Prisoner)," is extremely difficult to decipher. (*See* Docket No. 1-1). The "Jurisdiction" page lists a number of federal statutory provisions, including 42 U.S.C. §


1983. (*Id.* at 4). Plaintiff identifies 18 U.S.C. § 1091[2] as the federal statutory right which he claims has been violated by state or local officials relative to his purported § 1983 claim. (*Id.* at 6). In the "Statement of Claim" section of the Complaint, Plaintiff describes the events giving rise to his claim as "domestic terrorism," which occurred at a location in Homestead, Pennsylvania when the United States Supreme Court supposedly was going to hear a case involving Pittsburgh Police Officer Richard James' murder of Stepahon D. Smith in violation of the Fair Housing Act. (*Id.* at 7). Plaintiff additionally alleges that he took an oath in the United States Army to defend the Constitution against all enemies, yet the Army put him in prison, gave him opioids and made him a drug addict, but the Army has refused to provide him with treatment. (*Id.* at 7-8). He seeks damages in the amount of $23,000,000,000,000 from the United States Government and $30,000,000 from the City of Pittsburgh. (*Id.* at 8). He also requests that the Army upgrade his discharge to honorable. (*Id.*).

As the Court interprets Plaintiff's Complaint, he presumably seeks to advance a claim under 42 U.S.C. § 1983,[3] although it remains unclear against whom that claim (or any other claim he may be attempting to allege) is asserted.[4] Section 1983 does not create any substantive rights, but rather provides a remedy for deprivations of rights created by the Constitution or federal law. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). "To state a claim for relief in an

---

[2]   On the Civil Cover Sheet accompanying the Complaint, Plaintiff also lists 18 U.S.C. § 1091 as the "civil statute" under which he is filing the action. (*See* Docket No. 1-16). As discussed herein, § 1091 is not a civil statute, but rather a federal criminal statute.

[3]   The Court notes, however, that the Civil Cover Sheet specifies "Racketeer Influenced and Corrupt Organizations" as the nature of the lawsuit. (*See* Docket No. 1-16). Nonetheless, Plaintiff's Complaint itself makes no discernable reference to any plausible RICO claim.

[4]   Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that his Complaint does not come close to complying with this requirement. As noted, Plaintiff's Complaint is very difficult to interpret. For instance, he lists four defendants but fails to specify in any discernable manner what his claim or claims is as against each of them.

action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). As currently pled, Plaintiff's Complaint does not satisfy this standard because he does not identify any right created by the Constitution or federal law that he claims to have been deprived of by someone acting under color of state law.[5] As noted, Plaintiff specifies 18 U.S.C. § 1091 as the federal statutory provision that state or local officials supposedly have violated. (Docket No. 1-1 at 6). That provision is a federal criminal statute which prohibits genocide.[6] As a private citizen, Plaintiff is unable to prosecute this federal criminal charge directly or via a § 1983 claim. *See Christopherson v. Polyconcept, N. Am.*, Civ. No. 20-545, 2021 WL 4776889, at *4 (W.D. Pa. Oct. 13, 2021) (citing *El v. People's Emergency Ctr.*, Civ. No. 19-690, 2021 WL 2823042, at *3 (E.D. Pa. July 7, 2021) (dismissing federal criminal claims because a plaintiff "has no private right of action to bring claims under the criminal code")); *Jackson v. Bolandi*, Civ. No. 18-17484, 2020 WL 255974, at *7 (D.N.J. Jan. 17, 2020) (dismissing § 1983 claim premised on alleged violations of federal criminal statutes) (citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not

---

[5]     A *Bivens* action is a judicially created remedy that allows individuals to seek damages for unconstitutional conduct by a federal official for the violation of plaintiff's rights under color of federal law. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). To state a *Bivens* claim, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). To the extent Plaintiff attempts to assert a *Bivens* claim, the claim fails because he does not plausibly make any such allegations. Initially, no federal official is a named defendant in the lawsuit. Rather, the United States Department of Housing and Urban Development is the only federal entity identified as a defendant. (*See* Docket No. 1-1 at 5-6). However, a *Bivens* claim cannot be sustained against a federal agency such as HUD. *See Ponton v. AFSCME*, 395 F. App'x 867, 872 (3d Cir. 2010) (federal agencies are not appropriate defendants under *Bivens*) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994)); *Smith v. Virgin Islands Housing Auth.*, Civ. No. 09–cv–00011, 2011 WL 285858, at *7 (D.V.I. Jan. 28, 2011) (dismissing *Bivens* claim against HUD).

[6]     Pursuant to 18 U.S.C. § 1091(a), "[w]hoever, whether in time of peace or in time of war and with the specific intent to destroy, in whole or in substantial part, a national, ethnic, racial, or religious group" in any one of six ways identified in that statutory section is subject to a fine and a sentence of imprisonment or a sentence of death in certain circumstances as prescribed in § 1091(b).

merely a violation of federal *law*.") (emphasis in original)); *Saleem v. Helman*, 1997 WL 527769, at *2 (7th Cir. 1997) (observing that there is no private right of action under 18 U.S.C. § 1091).

In sum, the Court is unable to discern the contours of Plaintiff's purported § 1983 claim, or whether he is attempting to assert some other type of claim. As currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that he is able to state a plausible claim for relief. *See e.g., Duglas v. Kamper*, No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction." (citing 28 U.S.C. § 1915(e)(2)(B); *Spell v. Allegheny Cty. Admin.*, No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [him] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 9th day of March, 2022, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that he is able to state a plausible claim for relief;

(3) To the extent Plaintiff wishes to file an Amended Complaint, he must do so by March 24, 2022. If Plaintiff fails to file an Amended Complaint by March 24, 2022, the case will be closed; and

(4) Given that Plaintiff's Complaint is dismissed, Plaintiff's contemporaneously filed Motion for Modifications to Rules, Motion for Midland Credit Management to be Added, Motion for Asylum, Motion for Return of Property, and Motion for Reparations, (Docket Nos. 3-7), are DENIED AS MOOT WITHOUT PREJUDICE.

<div style="text-align: right;">

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

</div>

cc:  Joseph D.S. Phillips, Jr. (via U.S. mail)
337 Elias Drive
Pittsburgh, PA 15235