IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D.S. PHILLIPS, JR., | ) |
|                     Plaintiff, | ) |
| v. | ) |
| CITY OF PITTSBURGH, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, COMMONWEALTH OF PENNSYLVANIA, *and* RICHARD JAMES, City of Pittsburgh Police Officer, | ) Civil Action No. 22-400 |
|                     Defendants. | ) |

**MEMORANDUM ORDER**

*Pro se* Plaintiff Joseph D.S. Phillips Jr. previously filed a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on March 9, 2022, finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 8 at 1). As to Plaintiff's proposed Complaint, the Court explained that it was unable to discern the contours of his purported claim under 42 U.S.C. § 1983 claim, or whether he was attempting to assert some other type of claim. (*Id.* at 5). Consequently, the Court found that Plaintiff's Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (*Id.*). Further, to the extent Plaintiff wished to file an Amended Complaint, he was ordered to do so by March 24, 2022, or the case would be closed. (*Id.*).

On March 25, 2022, Plaintiff filed a "Response" to the Court's Memorandum Order, which the Court construes as his proposed Amended Complaint. (Docket No. 9). The Amended Complaint is extremely difficult to decipher. It lists the various Defendants and then lists various purported causes of action against them,[1] citing the Commerce Clause of the United States Constitution, certain federal statutes and/or state law causes of action. Given Plaintiff's *pro se* status, the Court liberally construes his Amended Complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but nevertheless concludes that it wholly fails to set forth "a short and plain statement of the claim[s] showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rather, the Court finds that the Amended Complaint is frivolous and fails to state a claim on which relief may be granted, and therefore it must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that the Court "shall dismiss the case" if it determines that the action is "frivolous" or "fails to state a claim on which relief may be granted"); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). The Court further finds that any additional opportunity for amendment would be futile, thus the Amended Complaint will be dismissed with prejudice and the case will be closed. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (a district court should generally allow amendment by a *pro se* plaintiff unless amending would be inequitable or futile).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 30th day of August, 2022, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's "Response," which the Court construes as his Amended Complaint (Docket No. 9) is DISMISSED WITH PREJUDICE;

---

[1] For instance, under a section listing Defendants City of Pittsburgh and Pittsburgh Police Officer Richard James, the Amended Complaint lists "breach of contract," "unjust enrichment," and "a killing designed to influence the outcome of a court case." (Docket No. 9 at 1). As to Defendant U.S. Department of Housing and Urban Development, the Amended Complaint lists "breach of duty" and then lists various federal statutes and the Commerce Clause. (*Id.*). Relative to Defendant Commonwealth of Pennsylvania, the Amended Complaint lists the Commerce Clause, "gross negligence," and "civil elder abuse" in violation of Pennsylvania law. (*Id.* at 3).

2

(2) Given that Plaintiff's Amended Complaint is dismissed with prejudice, Plaintiff's Motion for a Change of Venue, Motion for Emergency Housing, Motion for Judgment for Violation of the 1830 Treaty of Dancing Rabbit Creek, Motion to Convene a Grand Jury, and Motion for the Case to be Changed to a Hate Crime (Docket Nos. 12-16) are DENIED AS MOOT; and

(3) The Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

cc:     Joseph D.S. Phillips, Jr. (via U.S. mail)  
        337 Elias Drive  
        Pittsburgh, PA 15235