IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D.S. PHILLIPS, JR., | ) |
|       Plaintiff, | ) |
|   v. | ) |
| CITY OF PITTSBURGH, | ) |
| U.S. DEPARTMENT OF HOUSING | )  Civil Action No. 22-400 |
| AND URBAN DEVELOPMENT, | ) |
| COMMONWEALTH OF PENNSYLVANIA, | ) |
| *and* RICHARD JAMES, City of Pittsburgh | ) |
| Police Officer, | ) |
|       Defendants. | ) |

**MEMORANDUM ORDER**

*Pro se* Plaintiff Joseph D.S. Phillips Jr. originally initiated this action by filing a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on March 9, 2022, finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 8 at 1). As to Plaintiff's proposed Complaint, the Court explained that it was unable to discern the contours of his purported claim under 42 U.S.C. § 1983 claim, or whether he was attempting to assert some other type of claim. (*Id.* at 5). Consequently, the Court found that Plaintiff's Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (*Id.*). Further, to the extent Plaintiff wished to file an Amended Complaint, he was ordered to do so by March 24, 2022, or the case would be closed. (*Id.*).

1

On March 25, 2022, Plaintiff filed a "Response" to the Court's Memorandum Order, which the Court construed as his proposed Amended Complaint. (Docket No. 9). Given Plaintiff's *pro se* status, the Court liberally construed his Amended Complaint, which was difficult to decipher, but nevertheless concluded in a Memorandum Order dated August 30, 2022 (the "August 2022 Memorandum Order") that it wholly failed to set forth "a short and plain statement of the claim[s] showing that [Plaintiff] is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). (Docket No. 17 at 2). Rather, the Court found that the Amended Complaint was frivolous and failed to state a claim on which relief may be granted, and therefore dismissal was warranted. (*Id.*). The Court further found that any additional opportunity for amendment would be futile, thus the Amended Complaint was dismissed with prejudice and this case was closed. (*Id.*).

On September 19, 2022, Plaintiff appealed the August 2022 Memorandum Order to the United States Court of Appeals for the Third Circuit. (Docket No. 18). On February 22, 2023, the Third Circuit entered a Judgment affirming this Court's August 2022 Memorandum Order. (Docket No. 20).

Now, nearly one year after the Third Circuit Court of Appeals affirmed this Court's August 2022 Memorandum Order dismissing the case with prejudice, Plaintiff has filed a Motion to Reopen the Case on January 23, 2024. (Docket No. 21). As with Plaintiff's prior pleadings, the pending Motion is extremely difficult to decipher. Initially, the Motion cites no procedural rule or legal authority to support Plaintiff's request to reopen this case, nor does it contain any explanation why the case should be reopened. Rather, the Motion only lists certain alleged "New Facts," which are summarized as follows: (1) unidentified judges violated 42 U.S.C. § 1983 and there is a conflict of interest; (2) a state court transcript supposedly shows that Plaintiff paid for a

2

house, but there is some sort of payment discrepancy; (3) certain "ships were denied safe travels in Pittsburgh" and they were attacked by a pirate after filing a federal housing complaint; (4) a pirate murdered Plaintiff's son after he asked the court for protection; and (5) he is asking for justice because his tribe is homeless and he needs land so they can live together in peace. (*Id.* at 1-2). Plaintiff's disjointed alleged "New Facts" shed no light on why he contends the case should be reopened.

Despite these various deficiencies, given Plaintiff's *pro se* status, the Court will construe the Motion under Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. . . ." *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109, 112 (3d Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)); *see also Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (observing that a court may grant a Rule 60(b) motion only in extraordinary circumstances). To that end, a court may exercise its discretion to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Riley v. May*, 2024 WL 166624, at *2 (D. Del. Jan. 16, 2024) ("A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances.") (citing *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)).

As best the Court can discern, Plaintiff does not contend that any of the circumstances enumerated in Rule 60(b) are present here. To the extent Plaintiff asserts that the listed "New Facts" warrant reopening, those allegations are illogical and fail to demonstrate the type of extraordinary circumstances which would justify reopening the case. Accordingly, the Court declines to exercise its discretion to reopen this case.

In view of the foregoing, the Court enters the following Order:

AND NOW, this 1st day of February, 2024, IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen Case, (Docket No. 21), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:    Joseph D.S. Phillips, Jr. (via U.S. mail)
       337 Elias Drive
       Pittsburgh, PA 15235