IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D.S. PHILLIPS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF PITTSBURGH, ) <br> U.S. DEPARTMENT OF HOUSING ) <br> AND URBAN DEVELOPMENT, ) <br> COMMONWEALTH OF PENNSYLVANIA, ) <br> *and* RICHARD JAMES, City of Pittsburgh ) <br> Police Officer, ) <br> ) <br> Defendants. ) | Civil Action No. 22-400 |

**MEMORANDUM ORDER**

*Pro se* Plaintiff Joseph D.S. Phillips Jr. originally initiated this action by filing a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on March 9, 2022, finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 8 at 1). As to Plaintiff's proposed Complaint, the Court explained that it was unable to discern the contours of his purported claim under 42 U.S.C. § 1983 claim, or whether he was attempting to assert some other type of claim. (*Id.* at 5). Consequently, the Court found that Plaintiff's Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (*Id.*). Further, to the extent Plaintiff wished to file an Amended Complaint, he was ordered to do so by March 24, 2022, or the case would be closed. (*Id.*).

1

On March 25, 2022, Plaintiff filed a "Response" to the Court's Memorandum Order, which the Court construed as his proposed Amended Complaint. (Docket No. 9). Given Plaintiff's *pro se* status, the Court liberally construed his Amended Complaint, which was difficult to decipher, but nevertheless concluded in a Memorandum Order dated August 30, 2022 (the "August 2022 Memorandum Order") that it failed to set forth "a short and plain statement of the claim[s] showing that [Plaintiff] is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). (Docket No. 17 at 2). Rather, the Court found that the Amended Complaint was frivolous and failed to state a claim on which relief may be granted, and therefore dismissal was warranted. (*Id.*). The Court further found that any additional opportunity for amendment would be futile, thus the Amended Complaint was dismissed with prejudice and this case was closed. (*Id.*).

On September 19, 2022, Plaintiff appealed the August 2022 Memorandum Order to the United States Court of Appeals for the Third Circuit. (Docket No. 18). On February 22, 2023, the Third Circuit entered a Judgment affirming this Court's August 2022 Memorandum Order. (Docket No. 20).

Next, nearly one year after the Third Circuit Court of Appeals affirmed this Court's August 2022 Memorandum Order dismissing the case with prejudice, Plaintiff filed a Motion to Reopen the Case on January 23, 2024. (Docket No. 21). That Motion cited no procedural rule or legal authority to support Plaintiff's request to reopen this case, nor did it contain any explanation why the case should be reopened. Rather, the Motion only listed certain disjointed alleged "New Facts," which shed no light on why Plaintiff contended the case should be reopened. (*Id.* at 1-2).

Despite those various deficiencies, in light of Plaintiff's *pro se* status, the Court construed the Motion under Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from

a final judgment, and request reopening of his case, under a limited set of circumstances. . . ." *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109, 112 (3d Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)); *see also Riley v. May*, 2024 WL 166624, at *2 (D. Del. Jan. 16, 2024) ("A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances.") (citing *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)).  In a Memorandum Order dated February 1, 2024, the Court found that Plaintiff did not contend that any of the circumstances enumerated in Rule 60(b) were present and declined to exercise its discretion to reopen this case.  (Docket No. 22 at 3-4).

Most recently, on August 22, 2024, Defendant filed a document which the Court construes as a Motion for Reconsideration of its Memorandum Order denying his Motion to Reopen the Case.  (Docket No. 23).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (citation omitted).  Therefore, the Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  In sum, "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court."  *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (citation omitted).

Here, Plaintiff has wholly failed to meet his burden to demonstrate that the Court should

reconsider its Memorandum Order denying his Motion to Reopen the Case because he has not pointed to any intervening change in the controlling law, new evidence which was not available at the time of the decision, or clear errors of fact or law creating a manifest injustice.[1] Rather, Plaintiff's Motion for Reconsideration consists only of one indecipherable paragraph[2] and then concludes with the statement that he "would like this case to be reopened," (*see* Docket No. 23), which does not support reconsideration. *See Donegan*, 877 F. Supp. 2d at 226.

In view of the foregoing, the Court enters the following Order:

AND NOW, this 27th day of August, 2024, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration, (Docket No. 23), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:   Joseph D.S. Phillips, Jr. (via U.S. mail)
      337 Elias Drive
      Pittsburgh, PA 15235

---

[1] Although the Court liberally construes Plaintiff's *pro se* filing, the Court additionally notes that his request for reconsideration was not timely filed. Pursuant to ¶ II.D(7) of this Court's Practices and Procedures, (available at https://www.pawd.uscourts.gov/sites/pawd/files/Practices_Procedures_Judge_Hardy_10_21.pdf), a motion for reconsideration must be filed within seven (7) days of the order at issue. In this case, the Memorandum Order denying Plaintiff's Motion to Reopen the Case was filed on February 1, 2024, and he did not file the Motion for Reconsideration until August 22, 2024.

[2] Plaintiff states: "I'd like to introduce myself. I am the executor and sole beneficiary of the estate of Joseph D.S. Phillips, Jr. I am not the legal fiction. I am a living man. I am not a legal fiction. I am the executor of the estate. I am not a character playing the game." (Docket No. 23). The document is signed by Joseph D.S. Phillips, Jr. (*Id.*).