**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH D.S. PHILLIPS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH, | ) | |
| U.S. DEPARTMENT OF HOUSING | ) | Civil Action No. 22-400 |
| AND URBAN DEVELOPMENT, | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| *and* RICHARD JAMES, City of Pittsburgh | ) | |
| Police Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

*Pro se* Plaintiff Joseph D.S. Phillips Jr. originally initiated this action by filing a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on March 9, 2022, finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 8 at 1). As to Plaintiff's proposed Complaint, the Court explained that it was unable to discern the contours of his purported claim under 42 U.S.C. § 1983 claim, or whether he was attempting to assert some other type of claim. (*Id.* at 5). Consequently, the Court found that Plaintiff's Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (*Id.*). Further, to the extent Plaintiff wished to file an Amended Complaint, he was ordered to do so by March 24, 2022, or the case would be closed. (*Id.*).

On March 25, 2022, Plaintiff filed a "Response" to the Court's Memorandum Order, which the Court construed as his proposed Amended Complaint. (Docket No. 9). Given Plaintiff's *pro se* status, the Court liberally construed his Amended Complaint, which was difficult to decipher, but nevertheless concluded in a Memorandum Order dated August 30, 2022 (the "August 2022 Memorandum Order") that it failed to set forth "a short and plain statement of the claim[s] showing that [Plaintiff] is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). (Docket No. 17 at 2). Rather, the Court found that the Amended Complaint was frivolous and failed to state a claim on which relief may be granted, and therefore dismissal was warranted. (*Id.*). The Court further found that any additional opportunity for amendment would be futile, thus the Amended Complaint was dismissed with prejudice and this case was closed. (*Id.*).

On September 19, 2022, Plaintiff appealed the August 2022 Memorandum Order to the United States Court of Appeals for the Third Circuit. (Docket No. 18). On February 22, 2023, the Third Circuit entered a Judgment affirming this Court's August 2022 Memorandum Order. (Docket No. 20).

Next, nearly one year after the Third Circuit Court of Appeals affirmed this Court's August 2022 Memorandum Order dismissing the case with prejudice, Plaintiff filed a Motion to Reopen the Case on January 23, 2024. (Docket No. 21). That Motion cited no procedural rule or legal authority to support Plaintiff's request to reopen this case, nor did it contain any explanation why the case should be reopened. Rather, the Motion only listed certain disjointed alleged "New Facts," which shed no light on why Plaintiff contended the case should be reopened. (*Id.* at 1-2).

Despite those various deficiencies, in light of Plaintiff's *pro se* status, the Court construed the Motion under Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from

a final judgment, and request reopening of his case, under a limited set of circumstances. . . ." *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109, 112 (3d Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). In a Memorandum Order dated February 1, 2024, the Court found that Plaintiff did not contend that any of the circumstances enumerated in Rule 60(b) were present and declined to exercise its discretion to reopen this case. (Docket No. 22 at 3-4).

Then, on August 22, 2024, Defendant filed a document which the Court construed as a Motion for Reconsideration of its Memorandum Order denying his Motion to Reopen the Case. (Docket No. 23). In a Memorandum Order dated August 27, 2024, the Court denied Defendant's Motion for Reconsideration because he did not point to any intervening change in the controlling law, new evidence which was not available at the time of the decision, or clear errors of fact or law creating a manifest injustice. (Docket No. 24 at 4).

Most recently, on November 2, 2026, Plaintiff filed another Motion to Reopen the Case. (Docket No. 28). Once again, the Motion cites no procedural rule or legal authority to support Plaintiff's request to reopen this case, nor does it explain why the case should be reopened. Rather, the Motion simply states in its entirety, "I'd like to introduce myself I am the executor and sole beneficiary of the estate of Joseph D.S. Phillips I am not the legal fiction I am a living man I am not a legal fiction I am the Executor of the estate I am not a chacter [sic] playing the game I would like this case to be reopen." (*Id.*). Plaintiff's disjointed statement sheds no light on why he contends the case should be reopened.

Despite these infirmities and the previous denial of reopening, considering Defendant's *pro se* status, the Court again construes the Motion under Federal Rule of Civil Procedure 60(b). As stated, Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. . . ." *Atkinson*, 610 F. App'x at 112 (quoting

*Gonzalez*, 545 U.S. at 528); *see also Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (observing that a court may grant a Rule 60(b) motion only in extraordinary circumstances). To that end, a court may exercise its discretion to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Riley v. May*, 2024 WL 166624, at *2 (D. Del. Jan. 16, 2024) ("A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances.") (citing *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)).

Plaintiff does not contend that any of the circumstances enumerated in Rule 60(b) apply here. Plaintiff simply strings together a series of words and phrases in an illogical fashion which plainly fails to demonstrate the type of extraordinary circumstances necessary to justify reopening the case. Accordingly, the Court declines to exercise its discretion to reopen this case.

In view of the foregoing, the Court enters the following Order:

AND NOW, this 4th day of November, 2026, IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen the Case, (Docket No. 28), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc: Joseph D.S. Phillips, Jr. (via U.S. mail)
337 Elias Drive
Pittsburgh, PA 15235